POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Martha Jean Barigian,<br><br>    Debtor. | Case No. 08-10115-B-7 |
| James E. Salven, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>Lori Manweiler,<br><br>    Defendant. | Adv. Proceeding No. 08-1271<br><br>DC No. KDG-1 |

**MEMORANDUM DECISION REGARDING PLAINTIFF'S REQUEST FOR DISCOVERY SANCTIONS**

This Memorandum Decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Connie M. Parker, Esq., appeared on behalf of the chapter 7 trustee/plaintiff, James E. Salven (the "Plaintiff").

Douglas V. Thornton, Esq., appeared on behalf of the defendant, Lori Manweiler (the "Defendant").

    Before the court is a discovery dispute arising out of two contentious adversary proceedings.[1] Plaintiff filed this adversary

---

[1] This adversary proceeding is related to, and the issues are almost identical to the issues in, adversary proceeding number 08-1273. The underlying factual allegations in

proceeding to recover moneys allegedly paid by the Debtor on account of a pre-petition loan obligation owed to the Defendant. The Plaintiff filed this motion to compel the Defendant to respond to some of his discovery requests (the "Discovery Motion"). The Discovery Motion was granted by order dated September 16, 2009. Under submission is Plaintiff's request for sanctions (the "Sanction Request"), *i.e.*, an award of attorney's fees and costs incurred in having to bring the Discovery Motion. For the reasons set forth below, the Sanction Request will be granted.

This Memorandum Decision contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52 (made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052). The court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

**Background.**

Prior to the bankruptcy, the Debtor, Martha Barigian, operated a business known as Parimex International ("Parimex"). It appears that the Debtor, through Parimex, was heavily involved in real estate investment. The Debtor filed a petition under chapter 13 in January 2008. The Debtor's schedules list 15 parcels of real property and 83

---

both adversary proceedings are virtually the same. The defendants are represented by the same counsel. Both adversary proceedings were consolidated for discovery purposes. The Plaintiff propounded identical discovery requests in each adversary proceeding and received virtually identical responses. The Plaintiff's discovery motion was filed in both adversary proceedings.

2

loan transactions secured by liens against the various properties. One of the scheduled secured obligations is owed to defendant Lori Manweiler in the amount of $100,000 (the "Manweiler Loan"). The schedules state that the Manweiler Loan is secured by a "2006 Deed of Trust - duplex." No other information is given regarding the collateral for the Manweiler Loan. On March 17, 2008, after numerous objections were filed to the Debtor's chapter 13 plan, the case was converted to chapter 7 on the chapter 13 trustee's motion. Plaintiff, James E. Salven was appointed the chapter 7 trustee.

       This adversary proceeding was filed on December 22, 2008. The Plaintiff seeks to recover from the Defendant an unspecified amount of the interest payments made by the Debtor on account of the Manweiler Loan. The Plaintiff alleged, *inter alia*, that the interest payments were usurious and avoidable under California law.

       On March 11, 2009, the Plaintiff's counsel served on Defendant's counsel a request for production of documents and a set of interrogatories. At the request of the Defendant, the Plaintiff agreed to extend the time for the Defendant's response to June 22, 2009.

       Plaintiff's interrogatory no. 2 went to the core of the adversary proceeding. It asked the Defendant to "Identify all payments made by [the Debtor] to YOU from 2003 to present." In response, Defendant objected on the grounds of "tax payers' privilege" and refused to produce any details or supporting information:

> Objection. Tax payers' privilege. Other than the return schedules, Responding Party does not have documents showing the amount of interest received from the subject loans, however, the amount of interest paid was $11,250. This Responding Party does not have copies of the

3

Case 08-01271    Filed 12/18/09    Doc 54

> checks received from Martha Barigian or Parimex International, LTD. Additionally, Martha Barigian or Parimex International, LTD, did not issue payment receipts or Form #1099s.

Plaintiff's request for production of documents no. 3 asked the Defendant to identify and produce any documents evidencing payments made by the Debtor on account of the Manweiler Loan including receipts, ledgers and spreadsheets. Again, the Defendant objected on the grounds of "tax payers' privilege" and declined to produce any documents. On August 14, 2009, after Plaintiff's counsel made a bona fide effort to meet and confer with Defendant's counsel regarding these discovery requests, the Plaintiff filed the Discovery Motion. In response, the Defendant acknowledged that she had located "documentation showing payments" and agreed to produce those "documents" in a supplemental response. Accordingly, the Discovery Motion was granted.

The Plaintiff's attorney requests an award of $1,360 (8 hours x $170 per hour) for time spent preparing the Discovery Motion in two adversary proceedings (*see* footnote 1, supra) and appearing at the initial hearing. The Defendant objects to the Sanction Request and argues, without supporting evidence, that she timely produced all of the documents and information that were available to her with the original discovery response.[2] In short, the Defendant contends that the Discovery Motion was unnecessary. However, she offers no

---

[2]The Defendant's responsive pleading is not supported by a declaration from either the Defendant or her counsel. Neither the Discovery Motion, nor the Defendant's response were served on the Defendant.

4

explanation why the additional documentation could not have been located and produced with her original discovery response, or after the attorneys met and conferred prior to the filing of the Discovery Motion.

**Analysis.**

**Applicable Law.**

Discovery in an adversary proceeding is governed by the Federal Rules of Civil Procedure. FRCP 37(a) (made applicable to this adversary proceeding by FRBP 7037), provides for a monetary award of legal fees and costs to a party who must file a motion to compel disclosure or discovery, and is successful. Fed.R.Civ.P. 37(a)(4)(A) provides in pertinent part:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

The Discovery Motion was successful. The fact that the Defendant began producing some "supplemental documents" after the Discovery Motion was filed does not vitiate the sanction issue. Rule 37(a)(4)(A) states that fees and costs *shall* be awarded, even if the discovery is produced after the Motion was filed.

The pertinent question is whether the Discovery Motion was necessary and whether the moving party made a good faith effort to get the discovery without court intervention. The court is persuaded that

5

the Defendant's failure to diligently search for and locate the "supplemental documents" necessitated the Discovery Motion. The court is also persuaded that Plaintiff's attorney made a good faith effort to obtain the discovery responses without court action. Ergo, attorney's fees *shall* be awarded and the Sanction Request will be granted. Since the Sanction Request relates to two adversary proceedings, one-half of the requested attorney's fees will be awarded in this adversary proceeding.

Dated: December 18, 2009

W. Richard Lee
United States Bankruptcy Judge